UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM STEVENSON,

    Petitioner,

v.

BLAINE LAFLER,

    Respondent.
_____/

CASE NO. 2:06-CV-11553
HONORABLE ARTHUR J. TARNOW

FILED AUG -9 2007 CLERK'S OFFICE DETROIT

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

I.    Introduction

William Stevenson ("Petitioner"), a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner pleaded guilty to first-degree criminal sexual conduct in the Kent County Circuit Court in 2004 and was sentenced 135 months (11 years 3 months) to 30 years imprisonment.

Petitioner's sole claim upon habeas review is that the state trial court violated his Sixth and Fourteenth Amendment rights by imposing a minimum guideline range sentence based upon the scoring of facts not proven to a jury beyond a reasonable doubt nor admitted by him. In making this claim, Petitioner asserts that the trial court mis-

1

scored four state sentencing variables (OV-4, OV-8, OV-10, and OV-13). Petitioner has exhausted this claim in the state courts. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *People v. Stevenson*, No. 265034 (Mich. Ct. App. Oct. 18, 2005) (unpublished). The Michigan Supreme Court denied leave to appeal in a standard order. *People v. Stevenson*, 474 Mich. 1027, 708 N.W.2d 413 (2006). Respondent contends that Petitioner's sentencing claim lacks merit.

II. Discussion

    A. Standard of Review

Federal law imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

B.  Habeas Claim

Petitioner asserts that the state trial court mis-scored the state sentencing guidelines and violated his constitutional rights by relying upon facts not found by a jury nor admitted by him in tendering his guilty plea. Specifically, Petitioner contends that the trial court erred by assessing points based upon a finding that the victim suffered serious psychological injury requiring professional treatment (OV-4), that the victim was taken to a place or put in a situation of greater danger or held captive beyond the time necessary to commit the offense (OV-8), that Petitioner engaged in predatory conduct (OV-10), and that the offense was part of a pattern of felonious criminal activity (OV-13).

Petitioner relies upon *Blakely v. Washington*, 543 U.S. 296, 303-05 (2004) (state trial court's action in sentencing defendant beyond the statutory maximum of the standard range for his offense based upon judicial finding of deliberate cruelty violated defendant's Sixth Amendment right to trial by jury), *Apprendi v. New Jersey*, 530 U.S. 466, 530 (2000) ("[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"), and *United States v. Booker*, 543 U.S. 220, 243-44 (2005) (applying *Blakely* to the Federal Sentencing Guidelines).

3

As an initial matter, the Court notes that Petitioner's sentence of 135 months to 30 years imprisonment for first-degree criminal sexual conduct is within the statutory maximum of life imprisonment. *See* Mich. Comp. L. 750.520b(1)(a). A sentence imposed within the statutory limits is not generally subject to habeas review. *See Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).

Petitioner cannot prevail on his claim that he is entitled to habeas relief because the state trial judge relied upon facts not admitted by Petitioner nor presented at the guilty plea hearing in imposing sentence in violation of his rights under the Sixth and Fourteenth Amendments. At the plea hearing, Petitioner pleaded guilty to one count of first-degree criminal sexual conduct, admitting that he engaged in penile-vaginal sexual penetration with a 12-year-old girl on March 8, 2001 at a residence in Grand Rapids, Michigan. *See* 6/21/04 Plea Tr., pp. 7-8. In exchange for the plea, the prosecution dismissed an additional first-degree criminal sexual conduct count and a second habitual offender supplemental information. More significantly, the prosecutor, defense counsel, and Petitioner agreed that the guidelines were properly scored and that Petitioner should be sentenced in the guideline range of B-IV. *Id.* at pp. 6-7. Petitioner states that this established a minimum sentencing range of 81 to 135 months. *See* Pet. Brief, p. 1. At

4

sentencing, defense counsel noted for the record that she had filed objections to the scoring of the guidelines, but the record does not indicate whether those objections were made before or after the entry of the plea. *See* 8/11/04 Sent. Tr., p. 6. The trial court sentenced Petitioner to 135 months to 30 years imprisonment. *Id.* at p. 9.

Petitioner's acceptance of the guideline range of B-IV (which established a minimum sentence range of 81 to 135 months) during the plea process constitutes an admission of the facts necessary to support a sentence within that guideline range. A judge may increase a sentence "on the basis of the facts ... admitted by the defendant." *Blakely*, 542 U.S. at 303; *see also Donko v. Romanowski*, No.2:06-14337, 2007 WL 1500303, *3 (E.D. Mich. May 23, 2007) (denying habeas relief on *Blakely* claim where attorney admitted facts underlying offense variable scoring). Furthermore, Petitioner agreed that the guidelines were properly scored at the time of his plea. A defendant who consents to a certain sentence in a plea agreement and receives the sentence that he bargained for waives the right to challenge that sentence on appeal or collateral review. *See Drumm v. Warren*, No. 05-CV-40037-FL, 2005 WL 3107772, *5 (E.D. Mich. Nov. 18, 2005) (citing cases). Petitioner's assertion that he was sentenced in violation of his constitutional rights is thus belied by the record. The state courts' denial of relief of this claim is neither contrary to Supreme Court precedent nor an unreasonable application of

5

the law or the facts. The petition must therefore be denied.

III.     Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim contained in his petition.

Accordingly,

**IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE.**

ARTHUR J. TARNOW
UNITED STATES DISTRICT JUDGE

Dated: August 8, 2007